IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NIKOLAO PAESE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CLAYTON FRANK, NOLAN ESPINDA, JOHN AND JANE DOES 1-10, CHRISTENSON LEVIE, WA'A HARRY,<br><br>　　　　Defendants.<br>_____ | CIV. NO. 09-00383 JMS/BMK<br><br>ORDER DISMISSING COMPLAINT IN PART, GRANTING LEAVE TO AMEND, AND AUTHORIZING SERVICE OF PROCESS |

**ORDER DISMISSING COMPLAINT IN PART, GRANTING LEAVE TO AMEND, AND AUTHORIZING SERVICE OF PROCESS**

Plaintiff Nikolao Paese ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, seeks relief for alleged civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Halawa Correctional Facility ("HCF") prison officials violated the Eighth Amendment by failing to prevent his slip and fall in his cell on approximately April 26, 2009. Plaintiff names Clayton Frank, Director of the Hawaii Department of Public Safety ("DPS"), Nolan Espinda, HCF Warden, and HCF Adult Correctional Officers ("ACO"), Levie Christenson and Harry Wa'a,[1] as Defendants.

---

[1] Although Plaintiff lists "Christenson Levie" and "Wa'a Harry" as Defendants, the court assumes that in fact their names are Levie Christenson and Harry Wa'a.

The court has screened the Complaint to determine whether it sufficiently states a claim, and DISMISSES the complaint IN PART. Plaintiff is granted 30-days leave to file an Amended Complaint, **OR** he may proceed with service of the current Complaint. The Clerk of Court shall send Plaintiff the documents necessary to effect service on Defendants Wa'a and Christenson as set forth below.

## I.  BACKGROUND

At all relevant times, Plaintiff was housed at HCF Module 2, Quad 4, Cell 9. Plaintiff claims that, when he entered his cell for the first time, on or about April 24, 2009, he immediately noticed that the floor was flooded. Water was leaking from the ceiling and apparently originated from a toilet on the floor above Plaintiff's cell. Plaintiff notified ACO Wa'a that the floor was wet, and Wa'a allegedly replied that the sergeant was aware of the problem. Plaintiff alleges that two days later he slipped and fell, dislocated his shoulder, and injured his neck and back. Plaintiff claims that he still has headaches and numbness from the fall. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.  LEGAL STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Moss*, 572 F.3d at 965.

## III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional

3

or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Defendants Are Immune From Suit for Damages in their Official Capacities

The court lacks jurisdiction over Plaintiff's claims for damages against Defendants in their official capacities. Those claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 267-68 (1997).

Although Defendants are immune from suit for damages in their official capacities, the Eleventh Amendment does not bar damage claims against state officials sued in their individual capacities, and does not bar claims for prospective injunctive relief sought in connection with alleged violations of federal law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Plaintiff's claims for prospective injunctive relief thus remain, while his claims for damages against Frank, Espinda, Wa'a, and Christenson in their official capacities are DISMISSED without leave to amend.

### B.     No Personal Involvement or Supervisor Liability: Frank and Espinda are Dismissed

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

"Supervisors can be held liable [under § 1983] for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000) (citing *Larez v. City of L. A.*, 946 F.2d 630, 646 (9th Cir. 1991)); *accord Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005).

A supervisor cannot be held liable under § 1983 on the theory of respondeat superior. *See Redman v. Warden of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc); *see also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) ("[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983."); *Hunt v.*

*Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (holding that the doctrine of respondeat superior was not applicable in a prisoner's claim against the director of the state Department of Corrections).

An individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). In other words, supervisors cannot "be held personally responsible [under § 1983] simply because [they were] in a high position of authority." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Thus, under § 1983, when the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

Plaintiff claims that Frank and Espinda are liable for his claims because they are "legally responsible for the operation" of the DPS and HCF. Compl. 2. Plaintiff provides no facts suggesting that Frank or Espinda personally knew of the water allegedly flooding his cell, or that they had any other personal involvement in his claims. Even if Frank and Espinda knew that Plaintiff's cell was flooded, this does not mean that they were personally involved in Plaintiff's accident, or were deliberately indifferent to Plaintiff's health or safety. Frank's responsibility as DPS Director and Espinda's responsibility for running HCF does

not equate to personal liability for every accident within the DPS or HCF. As a result, claims against Frank and Espinda are DISMISSED for failure to state a claim, with leave GRANTED to amend.

**C.     Claims Against Wa'a and Christenson Shall Proceed**

To prevail on an Eighth Amendment claim against a prison official, an inmate must demonstrate that the prison official's acts or omissions deprived him of the minimal, civilized measure of life's necessities (the objective requirement), and that the prison official acted with deliberate indifference to the inmate's health or safety (the subjective requirement). *Lopez*, 203 F.3d at 1133. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). Plaintiff's allegations that he was knowingly placed in a cell that was flooded with water, that the water was leaking from a toilet above his cell, that no measures were taken to ameliorate these conditions, and that he fell and injured himself due to these conditions are sufficient to state a claim for a violation of the Eighth Amendment. *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

Accordingly, Plaintiff's claims against ACOs Wa'a and Christenson shall proceed. As discussed above, however, Plaintiff's claims against Defendants

Frank and Espinda in their individual capacities are dismissed, with leave to amend. If Plaintiff wants to pursue claims against Frank and Espinda in their individual capacities, he may file an Amended Complaint by **September 28, 2009** attempting to state a claim against them. If Plaintiff chooses to file an Amended Complaint, he may not change the nature of the suit by adding new, unrelated claims against new and unrelated defendants. Plaintiff is notified that any amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings. "All causes of action alleged in an original [or prior] complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

## IV.  <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

1. Claims for damages against all Defendants in their official capacities are DISMISSED with prejudice. Claims against Defendants Clayton Frank and Nolan Espinda in their individual capacities are DISMISSED without prejudice.

2. By **September 28, 2009**, Plaintiff shall **EITHER** complete requirements for service of the current Complaint as discussed below, **OR** file an Amended Complaint alleging facts that are sufficient to cure the deficiencies enumerated in his claims against Frank and Espinda in their individual capacities.

Plaintiff may not do both.  If Plaintiff chooses to file an Amended Complaint, it will be subject to additional screening.

      3.      If Plaintiff chooses to proceed with the original Complaint, service is appropriate for Defendants **Wa'a** and **Christenson**.  The Clerk of Court is directed to send Plaintiff two [2] summonses, two [2] USM-285 forms, two [2] Notice of Lawsuit and Request for Waiver of Service for Summons forms (AO 398), two [2] Waiver of Service of Summons forms (AO 399), **with their instruction sheets**, and a copy of the endorsed Complaint.  Plaintiff may then complete the forms as directed below and submit the following documents to the United States Marshals Service:

      a.      **For defendants who are employees of the Department of Public Safety ("DPS"):**  A completed USM-285 form, a copy of the endorsed Complaint, and a summons, which is sufficient for all DPS defendants.  Plaintiff should complete *separate* Notice of Lawsuit and Request for Waiver of Service forms (AO 398), and Waiver of Service of Summons forms (AO 399) for each named DPS defendant.  These documents shall be addressed to Thomas Read, DPS Offender Management Administrator, 919 Ala Moana Blvd., 4th Floor Honolulu, HI

    96814.  Mr. Read is authorized to accept a single complaint, summons, and USM 285 form for all DPS defendants.

  4. Upon receipt of these documents and a copy of this order, the Marshal shall serve a copy of the endorsed Complaint, completed Notice of Lawsuit and Request for Waiver of Service form (AO 398) and completed Waiver of Service of Summons form (AO 399), for each named defendant, upon Defendant(s), as directed by Plaintiff pursuant to Rule 4 of the Federal Rules of Civil Procedure without payment of costs.

  5. The Marshal is directed to retain the sealed summons and a copy of the complaint in the file for future use.  The Marshal shall file returned Waiver of Service of Summons forms as well as any requests for waivers that are returned as undeliverable, **as soon as they are received**.

  6. If a Waiver of Service of Summons form is not returned by a defendant within **sixty** days from the date of mailing the request for waiver, the Marshal shall:

    a. Personally serve the Defendant(s) with the above-described documents pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the

        Department of Public Safety **for service on DPS employees**, to execute this Order.

b.   Within ten days after personal service is effected, the Marshal shall file the return of service for the Defendant(s), along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and Amended Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7.    Defendant(s) shall file an answer or other responsive pleading to Plaintiff's Complaint within **sixty** [60] days after the date on which the request for waiver of service was **sent** (if formal service is waived), or **twenty** [20] days if service is not waived.  Failure to do so may result in the entry of default judgment.

8.    Plaintiff shall keep the court informed of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information about the change of address, and its effective date.  The notice shall not include any requests for any other relief.  Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

9.    Plaintiff shall serve a copy of all further pleadings or documents submitted to the court upon the Defendant(s) or their attorney(s).  Plaintiff shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the Defendant(s) or Defendant(s) counsel.  Any paper received by a District or Magistrate Judge

///

///

///

///

which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded.

    IT IS SO ORDERED.

    DATED:   Honolulu, Hawaii, September 2, 2009.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Paese v. Frank, et al.*, Civ. No. 09-00383 JMS; Order Dismissing Complaint in Part, Granting Leave to Amend, and Authorizing Service of Process; pro se attys/Screening/dmp/2009/Paese 09-383 (dsm part lv amd)